UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH WRIGHT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, SDPD OFF. BRANDON LOPEZ,<br><br>　　　　　　　　　Defendants. | Case No.: 24cv2089-GPC(BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ORDER CERTIFYING FOR INTERLOCUTORY APPEAL AND STAYING CASE**<br><br>**[Dkt. No. 18.]** |

Before the Court is Defendants' motion for order certifying for interlocutory appeal the question: "[c]an statistical data or media reports make a prima facie showing of a *Monell* claim and constitute credible evidence of the existence of a constitutionally violative policy against a municipality?" (Dkt. No. 18 at 2.[1]) Plaintiff filed an opposition and Defendants filed a reply. (Dkt. Nos. 20, 21.) On June 17, 2025, Plaintiff filed a motion to strike Defendants' reply, or in the alternative, construe and permit his filing as a surreply. (Dkt. No. 22.) Based on the reasoning below, the Court

---

[1] Page numbers are based on the CM/ECF pagination.

GRANTS Plaintiff's motion to permit the filing of a surreply and DENIES Defendants' motion for order certifying for interlocutory appeal and staying case.

## Background

On November 7, 2024, Plaintiff Abdullah Wright ("Plaintiff") filed a 42 U.S.C. § 1983 civil rights complaint against Defendants City of San Diego (the "City") and San Diego Police Officer B. Lopez (collectively "Defendants") alleging the following: (1) violation of his Fourth/Fourteenth Amendment right against an unlawful seizure under 42 U.S.C. § 1983 against Defendant Officer Lopez; (2) violation of his Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983 against Defendant Officer Lopez; (3) 42 U.S.C. § 1983 *Monell* claim for failure to properly train against the City of San Diego; (4) violation of the Bane Act pursuant to California Civil Code section 52.1 against both Defendants; (5) negligence against both Defendants; and (6) false arrest against both Defendants. (Dkt. No. 1, Compl.) On January 10, 2025, Defendants filed a motion to dismiss the second through fourth causes of action. (Dkt. No. 6.) After fully briefing, (Dkt. Nos. 9, 10), on April 28, 2025, the Court granted dismissal of the second cause of action alleging an equal protection claim with leave to amend to correct the comparator class, (Dkt. No. 13 at 9-10), and denied dismissal on the third cause of action for failure to train under *Monell* and the fourth cause of action pursuant to the Bane Act. (*Id.* at 10-15.)

On May 15, 2025, Defendants filed a motion for certification of interlocutory appeal based on the Court's ruling on the *Monell* claim which is fully briefed. (Dkt. Nos. 18, 20, 21.) On June 17, 2025, in a motion to strike Defendants' reply, or in the alternative, construe and permit the filing as a surreply, Plaintiff contends that the arguments raised in the reply is improper because Defendants reargue the merits of their motion to dismiss and improperly expand the question originally posed for certification. (Dkt. No. 22.) The Court agrees with Plaintiff that Defendants have raised a new issue for the first time in its reply by changing the question originally posed for certification on interlocutory appeal

As discussed more fully below, it appears that the question raised for certification is whether statistics can be used, at all, to allege a *Monell* cause of action. (Dkt. No. 18.) But the reply asserts that statistics, while it can be used to show discriminatory impact, cannot be used to show discriminatory intent to support an equal protection claim or deliberate indifference under *Monell*. (Dkt. No. 21.) Because Defendants raise a new issue for the first time in the reply, the Court declines to address it and addresses the question originally posed in their moving papers. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[D]istrict court[s] need not consider arguments raised for the first time in a reply brief.") (citation omitted); *see also FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply.") (collecting cases).

## Discussion

In the motion, Defendants seek to certify the following question for interlocutory appeal they have stated in two ways: (1) "[c]an statistical data constitute sufficient factual matter of a *Monell* claim to allege the prima facie existence of a constitutionally violative policy against a municipality?", (Dkt. No. 18 at 12); (2) "[c]an statistical data or media reports make a prima facie showing of a *Monell* claim and constitute credible evidence of the existence of a constitutionally violative policy against a municipality?" (*Id.* at 2, 5.)

As a starting point, Defendants' question for interlocutory appeal appears to conflate the standard on summary judgment (or at trial), requiring the presentation of evidence, and the standard on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, requiring a plaintiff to present allegations, not evidence, to plausibly state a claim. As noted by the United States Supreme Court, a "prima facie case" is used by "courts to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 n. 7 (1981) (citing 9 J. Wigmore, Evidence § 2494 (3d ed. 1940)). Defendants' use of "prima facie" and "credible evidence" in their question is not the proper standard relating to a Rule 12(b)(6) motion and was not the standard addressed in the Court's

order. (*See* Dkt. No. 13.)  The Court addressed a Rule 12(b)(6) motion to dismiss where the court determines whether a plaintiff has alleged "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In its order, the Court concluded that Plaintiff alleged the City's deliberate indifference to support a *Monell* failure to train claim based on the allegations in the complaint which relied on statistical data that showed that the San Diego Police stopped Black people at the highest rates than any other group and Black San Diegans are stopped 4.2 times as often as White San Diegans.  (Dkt. No. 13 at 13.)  Contrary to Defendants' argument, the Court did not rely on statistical data as evidence to support a prima facie case of *Monell* liability.  In fact, the Court even noted that the data and statistics created a plausible inference of support a *Monell* failure to train claim at the motion to dismiss stage where the plaintiff is without discovery or retained experts.  (*Id.* at 8 n. 3.)  The Court did not use the statistics and data provided by Plaintiff as evidence to support a prima facie case of *Monell* liability.  Therefore, because Defendants' question for certification on appeal was not addressed by the Court, it DENIES Defendants' motion to for certification of interlocutory appeal.

To the extent Defendants may also be arguing that statistical data can never be used to support a *Monell* allegation of deliberate indifference against the City on a Rule 12(b)(6) motion, the Court addresses that issue.

## Discussion

### A.     Legal Standard for Certification of Interlocutory Appeal

Under the final judgment rule, a court of appeal has jurisdiction over appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291; *Couch v. Telescope*, 611 F.3d 629, 632 (9th Cir. 2010).  "Thus parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute

the judgment." *Id.* (citing *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008)). A narrow exception to the final judgment rule exists as laid out in 28 U.S.C. § 1292(b), which states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b). In other words, before a court of appeal has jurisdiction to hear an interlocutory appeal, the district court must certify its order for appeal. This requires that the district court determine: (1) that there is a controlling question of law; (2) that there is substantial ground for difference of opinion as to that controlling question; and (3) that an immediate resolution of the question may materially advance the ultimate termination of the litigation. *ICTSI Oregon, Inc. v. Int. Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

The controlling question must be one of law, not fact, and its resolution "must materially affect the outcome of litigation in the district court." *Id.* The "substantial grounds" prong is satisfied when novel legal issues are presented, "on which fair-minded jurists might reach contradictory conclusions." *Id.* (citing *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). Finally, the "materially advance" factor is met when "the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *Id.* (citing *In re Cement*, 673 F.2d at 1027).

"The decision to certify an issue for interlocutory appeal is discretionary . . . and the district court should apply the requirements strictly and certify for interlocutory appeal only when exceptional circumstances justify a departure from the well-established

policy of postponing appellate review until after a final judgment." *Stiner v. Brookdale Sr. Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019) (internal quotation marks and citations omitted).  The party seeking the interlocutory appeal bears the burden of demonstrating that the certification requirements have been met.  *Couch*, 611 F.3d at 633.

**B.    Analysis**

### 1.    Controlling Question of Law

Under the first prong, Defendants must present "[a] controlling question of law" and not a question of fact.  *ICTSI Oregon*, Inc., 22 F.4th at 1130.

Defendants assert "[w]hether or not a plaintiff can show the prima facie existence of a municipal policy in a complaint is a controlling question of law." (Dkt. No. 18 at 7.) In reply, they pivot and claim the controlling question of law to be "whether statistics can be used to prove a prima facie case of *Monell* liability." (Dkt. No 21 at 6.)  Plaintiff responds that Defendants' question seeks a ruling from the Ninth Circuit that statistical evidence can never be used to show a pattern and practice of unconstitutional activity or to support a finding of "deliberate indifference" for a *Monell* claim.  (Dkt. No. 20 at 9.) As discussed above, Defendants do not properly articulate a controlling question of law concerning the Court's ruling.  However, to the extent, Defendants appear to be seeking to certify the question whether statistics or data can be used, at all, to allege a *Monell c*ause of action at the Rule 12(b)(6) stage, (Dkt. No. 18), that question is a controlling issue of law.

### 2.    Substantial Ground for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633.  Traditionally, courts have found a substantial ground for difference of opinion exists where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).  "Just because a court is the first to

rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* Further, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Id.*

Defendants argue there is a substantial ground for difference on the question to be certified because district courts within this district have ruled differently, (Dkt. No. 18 at 9 (chart of nine cases)), concerning similar statistics that this Court has relied on and the Ninth Circuit has not ruled on this issue. (Dkt. No. 18 at 8-9.) First, Defendants have failed to meaningfully analyze any of the nine cases cited and merely list cases where statistical evidence was relied upon by a plaintiff and report whether a motion to dismiss a *Monell* claim was granted or denied. Plaintiff points out that none of the cases in the chart of cases provided by Defendants hold that empirical evidence cannot be used to support a *Monell* claim. (Dkt. No. 20 at 10-11.) Instead, these cases involved district courts assessing the factual allegations, including the empirical data, in each case, and determined whether each plaintiff stated a claim under Rule 12(b)(6). (*Id.* at 11-15.) Plaintiff submits that none of these cases held that statistical data can never be used to support a *Monell* failure to train claim. (*Id.*) In reply, Defendants rely on two out of district cases from the Eastern District of New York dismissing *Monell* claims at the motion to dismiss stage based on statistical evidence or media reports. (Dkt. No. 21 at 4-5.)

The Court agrees with Plaintiff's analysis as to the cases cited by Defendants. All nine cases from this District considered statistical evidence and data in analyzing whether they alleged a failure to train claim under *Monell*. None of the district courts held that statistical evidence can never be used to support a *Monell* claim on a Rule 12(b)(6) motion. Moreover, the cases from the Eastern District of New York do not support Defendants' position because the district courts in those two cases did not object to the use of statistics to support a *Monell* claim but only objected to the conclusory use of statistics. *See Nance v City of New York*, No. 09cv2786 (ENV)(VVP), 2011 WL

2837491, at *3 (E.D.N.Y. July 14, 2011) (plaintiff's summary allegation that "a statistically significant portion of [substitute] teachers are older teachers, in part, because defendant now has a practice, policy and custom of relegating older teachers to [substitute status]" did not allege a *Monell* claim in an age discrimination employment case); *Perez v. New York City Dept. of Corrections*, No. 10–CV–2697 (RRM)(RML), 2012 WL 3704744, at *3 (E.D.N.Y. Aug. 27, 2012) (district court concluded that "articles cited by plaintiff, if true, at best cite a handful of instances the specifics of which are not clear" and "did not sufficiently plead facts to establish constitutional violations that were so pervasive and widespread as to amount to a custom, policy or practice attributed to or acquiesced in by municipal policymakers" in an excessive force case brought by inmate).  Accordingly, Defendant has failed to demonstrate a substantial ground for difference of opinion on the question presented.

As dictated by the Supreme Court in *Connick*, deliberate indifference on a *Monell* failure to train claim can be shown by a "pattern of similar constitutional violations by untrained employees" noting that similar prior incidents provide notice to the public entity that "specific training was necessary to avoid this constitutional violation." *Connick v. Thompson*, 563 U.S. 51, 62-62 (2011).  Therefore, the Court sees no reason why statistics involving prior, similar instances and reasonable inferences derived from those statistics cannot be considered at the motion to dismiss stage to allege a *Monell* failure to train claim.

Because Defendant have failed to demonstrate a substantial ground for difference in opinion, the Court need not address the third ground.  *See Couch*, 611 F.3d at 633 ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."); *McFall v. Perrigo Co.,* Case No. 2:20-cv-07752-FLA (MRWx), 2021 WL 3185083, at *3 (C.D. Cal. June 15, 2021) ("As Perrigo fails to establish a controlling question of law, . . . the court need not address the parties' remaining arguments regarding the second and third elements.").  In conclusion, the Court DENIES Defendants' motion for order certifying issue for interlocutory appeal.

## Conclusion

Based on the reasoning above, the Court DENIES Defendants' motion for order certifying for interlocutory appeal and staying the case. The also GRANTS Plaintiff's request to permit the filing of a surreply. The hearing set on June 27, 2025 shall be **vacated.**

IT IS SO ORDERED.

Dated: June 24, 2025

Hon. Gonzalo P. Curiel
United States District Judge